IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| TERRY CHRISTOPHER JOSEPH, #1590431 | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv129 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

Petitioner is challenging his Collin County conviction for aggravated robbery, Cause No. W416-81697-07. On May 9, 2008, a jury found him guilty and sentenced him to seven years' confinement. The Fifth Court of Appeals affirmed his conviction on March 25, 2009. Petitioner did not file a petition for discretionary review, but he states that on February 18, 2009, he filed an 11.07 application for a writ of habeas corpus in state court. The Court of Criminal Appeals denied it without written order based on the trial court's findings on June 2, 2010. He filed a second state writ of habeas corpus, but the Texas Court of Criminal Appeals dismissed it as successive pursuant to Section 4 of 11.07.

Petitioner filed the present federal writ of habeas corpus on March 5, 2012; however, he

states that he placed it in the prison mail system on February 7, 2012. Accordingly, it is deemed filed on February 7, 2012, in accordance with the "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner claims he is entitled to relief based on ineffective assistance of counsel. The Director filed a Response, urging the petition should be dismissed as time-barred. Petitioner did not file a Reply. United States Magistrate Judge Amos L. Mazzant filed a Report and Recommendation in this case, which he later withdrew. Once it was determined that he had been a justice on the panel that affirmed the trial court's judgment, Judge Mazzant recused himself from this case. Petitioner's case was reassigned to United States District Judge Richard A. Schell and was referred to the undersigned United States Magistrate Judge.

Antiterrorism and Effective Death Penalty Act of 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law. The law made several changes to the federal habeas corpus statutes, including the addition of a one year statute of limitations. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the one year limitations period shall run from the latest of four possible situations: the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review; the date an impediment to filing created by the State is removed; the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. at § 2244(d)(1)(A)-(D). The AEDPA also provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending shall not be counted toward any period of limitation. *Id.* at 2244(d)(2).[1]

In the present case, Petitioner is challenging his conviction. The appropriate limitations provision is § 2244(d)(1)(A), which states that the statute of limitations started running when the conviction became final. Petitioner did not file a petition for discretionary review; thus the conviction became final when the opportunity to file a petition for discretionary review had expired. He had thirty days after the court of appeals issued a decision to file a petition for discretionary review. Tex. R. App. Proc. 68.2(a). The Fifth Court of Appeals affirmed his conviction on March 25, 2009. Thus, the conviction became final on April 24, 2009, and the present petition was due no later than April 24, 2010, in the absence of tolling provisions. It was not filed until February 7, 2012 - two years, nine months, and fourteen days beyond the limitations period.

The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. Petitioner states that he filed an application for writ of habeas corpus in state court on February 18, 2009. The Texas Court of Criminal Appeals denied it without written order on June 2, 2010. It was pending 176 days. Accordingly, Petitioner's statutory deadline was extended 176 days - from April 24, 2010, to October 17, 2010. The present petition was not filed until February 7, 2012 – more than one year and three months beyond the statutory deadline.

Petitioner filed a second state writ, which was dismissed pursuant to Section 4 of 11.07. The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a *properly filed* application

---

[1] The Fifth Circuit discussed the approach that should be taken in applying the AEDPA one year statute of limitations in *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998) and *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).

for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation (emphasis added). The Supreme Court held that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed.2d 213 (2000). It counseled that these rules govern "for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id*; *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004). The Fifth Circuit interprets the words "properly filed" narrowly. *Lookingbill v. Cockrell*, 293 F.3d 256, 160 (5th Cir. 2002).

Here, Petitioner's subsequent state application for writ of habeas corpus was dismissed because it was successive to his first state writ. The Court of Criminal Appeals did not consider Petitioner's subsequent application because it failed to comply with the rules. Thus, the last state writ application was not "properly filed" for purposes of the AEDPA and did not serve to toll the statute of limitations. *Artuz*, 531 U.S. at 8; *Larry*, 361 F.3d at 895 (application erroneously accepted by the clerk of a court will be *pending*, but not *properly filed* if filing prerequisites are not met); *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999) (concluding that tolling is authorized during the pendency of petitions only if petitions are filed *in accordance with a state's procedural filing requirements* (emphasis added)); 28 U.S.C. § 2244(d)(2).

Petitioner filed a response to the fact that the petition was not timely filed. He concedes that his petition was untimely filed, but asserts that he is entitled to equitable tolling. The United States Supreme Court recently confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2560, 177 L. Ed.2d 130 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that

he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 20902). The petitioner bears the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). In order to qualify for such equitable tolling, the petitioner must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the

protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed.2d 440 (1996).

In this case, Petitioner claims that equitable tolling is warranted because he is uneducated in the law. However, it is well-settled that ignorance of the law is not sufficient to toll the limitations. *Felder*, 204 F.3d at 173. He states that he was moved several times. He also states that he was unable to find another inmate to help him with his petition for some time.

The various moves to which Petitioner was subjected did not necessarily prevent him from effectively working on his legal filings. Moreover, most of the moves occurred after the deadline had passed on his federal petition for writ of habeas corpus. Furthermore, his inability to find another offender to help him with the filing of his petition does not toll the limitations period. Petitioner states that he did not know about the AEDPA limitations until just recently, but then asserts that the law reference containing the AEDPA statute was not available to him. In sum, Petitioner has not shown that he exercised reasonable diligence nor has he shown rare and extraordinary circumstances that prevented him from timely filing. Consequently, the petition should be dismissed as time-barred.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief

is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Petitioner's § 2254 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability as to his claims.

Recommendation

It is accordingly recommended that Petitioner's motion for relief under 28 U.S.C. § 2254 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 5th day of December, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE